IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAIMI SHOAGA, | No. C14-04000 CRB |
| Plaintiff, | **ORDER DISMISSING CASE WITHOUT PREJUDICE** |
| v. | |
| WELLS FARGO BANK, | |
| Defendant. | |

On September 19, 2014, this Court granted Plaintiff Raimi Shoaga leave to proceed in forma pauperis ("IFP"), 28 U.S.C. § 1915, as well as dismissed his Complaint without prejudice for failure to state a claim upon which relief may be granted, 28 U.S.C. § 1915(e)(2)(B)(ii). See Order (dkt. 4). The Court gave Shoaga thirty (30) days to file an amended complaint, with a warning that failure to do so might result in dismissal of Shoaga's case with prejudice. Id. at 3. On October 24, 2014, Shoaga filed an untimely First Amended Complaint ("FAC"). See FAC (dkt. 6). Any person proceeding IFP under 28 U.S.C. § 1915(a) is subject to mandatory sua sponte review and dismissal if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from suit. 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126–27 (9th Cir. 2000). In addition to the FAC being untimely, the Court finds that the FAC fails to state a cognizable claim for relief. Therefore, the Court declines to order

that the Clerk issue summons, 28 U.S.C. § 1915(d), and dismisses the FAC without prejudice, 28 U.S.C. § 1915(e)(2)(B). If Shoaga files a future complaint in this matter that likewise fails to state a claim, the Court might consider further amendments to be futile and dismiss the complaint with prejudice.

## I.  LEGAL STANDARD

The legal sufficiency of a complaint is tested under Federal Rule of Civil Procedure 12(b)(6). Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Under Rule 12(b)(6), dismissal is appropriate if the complaint fails to state a facially plausible claim for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556–57 (2007). That is, the complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim. Id. at 556. Dismissal is also appropriate when the complaint lacks a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

The district court must assume the truth of all factual allegations and construe them in the light most favorable to the plaintiff. Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002). However, pro se litigants are not "excused from knowing the most basic pleading requirements." Am. Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1107 (9th Cir. 2000).

## II.  DISCUSSION

Shoaga's FAC again fails to state a claim upon which relief may be granted. The FAC includes four self-titled causes of action, FAC ¶¶ 9–12, but none states a cognizable legal claim in its present form. First, Shoaga appears to allege he is entitled to a tax write-off because a shipping company (not a party to this action) did not deliver a shipping container of Shoaga's cargo to Nigeria. See id. ¶ 9. To the extent the allegations are a collateral attack on the merits of the Internal Revenue Service ("IRS") tax assessment, the United States has neither waived its sovereign immunity nor has Shoaga exhausted administrative remedies. See, e.g., Elias v. Connett, 908 F.2d 521, 527 (9th Cir.1990); Conforte v. United States, 979 F.2d 1375, 1377 (9th Cir.1993). The claim also fails to state facts alleging a plausible claim for relief against any other defendant.

Shoaga's second cause of action alleges fraud against defendant Wells Fargo, FAC ¶ 10. The factual basis for this allegation appears to be that Wells Fargo charged Shoaga one or more

1  processing charges of $125.  Federal Rule of Civil Procedure 9(b) requires that fraud claims be
2  pleaded with specificity, including stating in the complaint the time, place, and content of the false
3  representations, as well as the identity of the person making them.  Shoaga does not even allege that
4  Wells Fargo made a false representation, as required for a fraud claim.  Accordingly, this second
5  cause of action is dismissed for failure to state a claim.

6  A liberal reading of Shoaga's third cause of action suggests he is alleging the interest rates
7  on his student loans to be too high.  Id. ¶ 11.  Shoaga states that "[i]t is a common practice or policy
8  to have deferred collection against borrowers engaged in Health care, and this policy should apply to
9  this plaintiff's."  Id.  He adds that "[i]n real life, once the interest surpass the principal loan, it has to
10 be written off."  Id.  Again, the Court can discern no facts or legal claims on which relief can be
11 granted.

12 Shoaga's fourth cause of action, FAC ¶ 12, alleges "Illegal and Wrongful Collection
13 Process," but Shoaga complains only that all Defendants "literally take any amount they want, and
14 in most cases they just clean out plaintiff account with total disregard for plaintiff's well being," and
15 that "[t]he so called 'IRS field Service Agents' was a total joke, they talk down on people, and rarely
16 depart their offices at no time."  Id.  The basis for his claim being unclear in both law and fact, this
17 alleged cause of action cannot proceed as currently stated.

### III.  CONCLUSION

19 The Court sua sponte DISMISSES this action, both because it is untimely and because it fails
20 to state a claim upon which relief can be granted.  28 U.S.C. § 1915(e)(2)(B).  Plaintiff has thirty
21 (30) days to file a legally adequate amended complaint.  Failure to do so will result in dismissal of
22 Plaintiff's case with prejudice.

**IT IS SO ORDERED.**

Dated: December 16, 2014

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE