IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAIMI SHOAGA,<br><br>           Plaintiff,<br><br>     v.<br><br>WELLS FARGO BANK, ET AL.,<br><br>           Defendants.        / | No. 3:14-cv-04000-CRB<br><br>**ORDER DISMISSING SECOND AMENDED COMPLAINT WITH PREJUDICE** |

Now before the Court is pro se Plaintiff Raimi Shoaga's Second Amended Complaint ("SAC"). See SAC (dkt. 13). On September 19, 2014, this Court granted Shoaga leave to proceed in forma pauperis ("IFP"), 28 U.S.C. § 1915, as well as dismissed his initial Complaint without prejudice for failure to state a claim upon which relief may be granted, 28 U.S.C. § 1915(e)(2)(B)(ii). See Order re Initial Complaint (dkt. 4). The Court gave Shoaga thirty days to file an amended complaint, with a warning that failure to do so might result in dismissal of Shoaga's case with prejudice. Id. at 3. On October 24, 2014, Shoaga filed an untimely First Amended Complaint ("FAC"). See FAC (dkt. 6). In addition to finding that the the FAC was untimely, the Court determined that the FAC failed to state a cognizable claim for relief and sua sponte dismissed his action under 28 U.S.C. § 1915(e)(2)(B). See Order re FAC (dkt. 9). In that Order, the Court warned Shoaga that if he filed a future complaint in this matter that likewise failed to state a claim, the Court might consider further

1 amendments to be futile and dismiss the complaint with prejudice. See id. at 3. Any person
2 proceeding IFP under 28 U.S.C. § 1915(a) is subject to mandatory sua sponte review and
3 dismissal if the complaint is frivolous or malicious, fails to state a claim upon which relief
4 may be granted, or seeks monetary relief from a defendant immune from suit. 28 U.S.C.
5 § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126–27 (9th Cir. 2000). Because
6 Shoaga's SAC yet again fails to state a claim upon which relief can be granted and is
7 frivolous in a way that cannot be cured by the pleading of additional facts, the Court
8 declines to order that the Clerk issue summons and hereby DISMISSES the SAC WITH
9 PREJUDICE. 28 U.S.C. § 1915(d)–(e).

## I. LEGAL STANDARD

The legal sufficiency of a complaint is tested under Federal Rule of Civil Procedure 12(b)(6). Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Under Rule 12(b)(6), dismissal is appropriate if the complaint fails to state a facially plausible claim for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556–57 (2007). That is, the complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim. Id. at 556. Dismissal is also appropriate when the complaint lacks a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

The district court must assume the truth of all factual allegations and construe them in the light most favorable to the plaintiff. Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002). However, pro se litigants are not "excused from knowing the most basic pleading requirements." Am. Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1107 (9th Cir. 2000).

The standard for frivolity looks to whether any of the "legal points are arguable on their merits." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Id. As used in the in forma pauperis statute, the "term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Id.

**II.     DISCUSSION**

The gravamen of Shoaga's SAC is that "taxation in the United States is based on voluntary compliance" and, as such, the IRS and other parties should not be acting to collect taxes he has elected not to pay. See, e.g., SAC at 10. Specifically, Shoaga cites an IRS Mission Statement and other similar documents that say that the mission of the IRS "is to encourage and achieve the highest possible degree of voluntary compliance with the tax laws." See, e.g., id. at 13–14. He then deduces that '[t]he word 'voluntary, . . . connotes an agreement, implies willingness, volition, and intent," and "refers to the doing of something which a person is free to do or not to do, as he so decides." Id. at 14. From this, he concludes that "since the law clearly and unambiguously states that the payment of income tax is voluntary, defendant cannot lawfully force or compel him to pay income tax"—in other words, "he has the freedom of choice to pay or not to pay income tax without any legal obligation towards defendant" and accordingly, the involuntary federal tax liens issued against him were unlawful. Id. at 17–18. In Count One, Shoaga seeks to enjoin Defendants from attempting to collect the "involuntary" taxes that the IRS has determined he owes. See id. In a generous reading of Counts Two, Three, and Four, Shoaga appears to allege that Defendants engaged in unfair, deceptive, and abusive practices, respectively, by seeking to collect the outstanding balance on his taxes and on a federally guaranteed student loan that Shoaga alleges he has no obligation to pay.

Shoaga's primary contention–that the federal income tax system is based on voluntary compliance, meaning he may elect to pay or not pay income tax—has long been held to be "completely lacking in legal merit and patently frivolous." See Lonsdale v. United States, 919 F.2d 1440, 1448 (10th Cir.1990); Wilcox v. Commissioner of the Internal Revenue, 848 F.2d 1007, 1008–09 (9th Cir.1988) (awarding sanctions against a party for making this frivolous argument on appeal). "[P]aying taxes is not voluntary." Wilcox, 848 F.2d at 1008 (citing Carter v. Commissioner, 784 F.2d 1006, 1009 (9th Cir.1986)). That Shoaga apparently wishes to join the chorus of "rejected tax protestor arguments" made by "taxpayers who simply refuse to accept the judgments of the courts" does not require

3

**United States District Court**
**For the Northern District of California**

1  "opposing parties . . . to bear the burden of meritless litigation."[1]  See Lonsdale, 919 F.2d at
2  1448 (imposing sanctions against party for pressing the same argument Shoaga raises here).
3  Moreover, the Anti–Injunction Act states that "no suit for the purpose of restraining the
4  assessment or collection of any tax shall be maintained in any court by any person, whether
5  or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a).
6  Although the Supreme Court has carved out an exception, which applies if it is clear that the
7  government could not prevail under any circumstances, that clearly is not the case here. See
8  Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962).

9       Finally, a generous reading of Shoaga's Complaint might suggest some vague
10  allegation that Shoaga's federally guaranteed student loan is unenforceable because the
11  interest rate is too high and/or because Shoaga should have qualified for a loan write-off as a
12  medical technician.  Despite pressing some version of this claim in each iteration of his
13  complaint thus far, Shoaga fails to allege the interest rate of his loan, which if any law he
14  believes it violates, whether he applied for any loan forgiveness program, or any other facts
15  or law that could entitle him to relief.  The Court can discern no basis to believe that the
16  federal government's student loan program is categorically usurious, and deems Shoaga's
17  claims in this regard to be frivolous.  Moreover, the federal and state defendants against
18  whom Shoaga appears to levy these claims are immune from suit. See, e.g., Dep't of the
19  Army v. Blue Fox, Inc., 525 U.S. 255, 260 (1999); Yakama Indian Nation v. State of Wash.
20  Dep't of Revenue, 176 F.3d 1241, 1245 (9th Cir.1999), cert. denied, 528 U.S. 1116 (2000).

21  **IV.  CONCLUSION**

22       Accordingly, the Court sua sponte DISMISSES this action because it is both frivolous
23  and because it fails to state a claim upon which relief can be granted.  28 U.S.C.
24  § 1915(e)(2)(B).  Repeated failed amendments, as well as the legal frivolity of Shoaga's

---

[1] For Shoaga's benefit, the Court notes that the term "voluntary compliance," as it relates to taxes, refers to the fact that "the Government depends upon the good faith and integrity of each potential taxpayer to disclose honestly all information relevant to tax liability"—not that the payment of taxes is voluntary or that the government lacks the authority "to investigate and audit" tax evaders who "attempt to outwit the system."  See, e.g., United States v. Bisceglia, 420 U.S. 141, 145–46 (1975); Williams v. Untied States, No. 86-114-MMS, 1987 WL 12075, at *3 (D. Del. Feb. 11, 1987).

1 claims, make it clear that further amendment would be futile.  Accordingly, Shoaga's action
2 is dismissed WITH PREJUDICE.
3 **IT IS SO ORDERED.**

Dated: April 16, 2015

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE

5