IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAIMI SHOAGA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WELLS FARGO BANK, ET AL.,<br><br>　　　　Defendants. | No. 3:14-cv-4000-CRB<br><br>**ORDER REVOKING IN FORMA PAUPERIS STATUS ON APPEAL** |

　　　　On May 20, 2015, the Ninth Circuit Court of Appeals referred this matter to the district court for the purpose of determining whether in forma pauperis status should continue for the appeal or whether the appeal is frivolous or taken in bad faith. See Referral Notice (dkt. 21).

　　　　This Court dismissed Shoaga's initial complaint on September 19, 2014, for failure to state a claim on which relief may be granted, and allowed leave to amend. Order re IFP and Dismissal (dkt. 4). Shoaga filed his First Amended Complaint ("FAC") on October 24, 2014. FAC (dkt. 6). The Court then dismissed Shoaga's FAC on December 16, 2014, for failure to state a claim and again granted leave to amend. Order re IFP and Dismissal of FAC (dkt. 9). On January 15, 2015, Shoaga filed a Second Amended Complaint ("SAC"). SAC (dkt. 13). The Court dismissed the SAC with prejudice in a detailed order that determined Shoaga failed to state a claim and that further amendment would be futile. Order

re IFP and Dismissal of FAC (dkt. 16).

     Shoaga now appeals from that order, apparently without stating any grounds or reasons on which his appeal is based. See Notice of Appeal (dkt. 1, Ninth Circuit 15-16007). But in any event, Shoaga's claims are frivolous and an appeal from this Court's order of dismissal lacks any basis in fact or law. The Court thus finds that Shoaga's appeal is frivolous and hereby revokes in forma pauperis status. See 28 U.S.C. § 1915(a)(3); see also Hooker v. American Airlines, 302 F.3d 1091 1092 (9th Cir. 2002). Even if a party provides proof of indigence, "an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). An appeal is in "good faith" where it seeks review of any issue that is "nonfrivolous." Hooker, 302 F.3d at 1092. An issue is frivolous if it has "no arguable basis in fact or law." See O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990) (quoting Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir.1984)).

     The gravamen of Shoaga's SAC is that "taxation in the United States is based on voluntary compliance" and, as such, the IRS and other parties should not be acting to collect taxes he has elected not to pay. See, e.g., SAC at 10. All of Shoaga's claims stem from his conclusion that "he has the freedom of choice to pay or not to pay income tax without any legal obligation towards defendant," id. at 17–18, a worn-out claim of tax denial that has long been held to be "completely lacking in legal merit and patently frivolous." See Lonsdale v. United States, 919 F.2d 1440, 1448 (10th Cir.1990); Wilcox v. Commissioner of the Internal Revenue, 848 F.2d 1007, 1008–09 (9th Cir.1988) (awarding sanctions against a party for making this frivolous argument on appeal). "[P]aying taxes is not voluntary." Wilcox, 848 F.2d at 1008 (citing Carter v. Commissioner, 784 F.2d 1006, 1009 (9th Cir.1986)). Finally, to the extent that Shoaga suggests some vague claim that the interest rate on his federally guaranteed student loan is unenforceable, Shoaga neither alleges any facts or law that could entitle him to relief, nor sues defendants that are amendable to these claims. See, e.g., Dep't of the Army v. Blue Fox, Inc., 525 U.S. 255, 260 (1999); Yakama Indian Nation v. State of Wash. Dep't of Revenue, 176 F.3d 1241, 1245 (9th Cir.1999), cert. denied,

2

528 U.S. 1116 (2000).

Accordingly, in response to the Ninth Circuit's Referral Notice, the Court hereby REVOKES Shoaga's in forma pauperis status on appeal.  See 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED.**

Dated: June 4, 2015

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE